UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE: NINE WEST LBO SECURITIES LITIGATION<br><br>Pertains to All Associated Actions | No. 20-MD-2941 (JSR)<br><br>**PROTECTIVE ORDER** |

JED S. RAKOFF, U.S.D.J.

The undersigned parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, all persons that previously provided documents, testimony, or other information (the "Bankruptcy Case Material") in connection with the related Chapter 11 cases *In re Nine West Holdings, Inc., et al.*, No. 18-10947 (Bankr. S.D.N.Y.) (the "Bankruptcy Case") that are produced in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms, upon pain of contempt:

1.  Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.  All Confidential Discovery Material produced or disclosed in connection with this action shall be used solely for the prosecution or the defense of this action (including any appeal therefrom) and for no other purpose.

3.      The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

(a)     Previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins), but only if such information could reasonably be expected to cause present, concrete, and material harm if disclosed;

(b)     Previously nondisclosed material relating to ownership or control of any non-public company, but only if such information could reasonably be expected to cause present, concrete, and material harm if disclosed;

(c)     Previously nondisclosed business plans, product development information, or marketing plans, but only if such information could reasonably be expected to cause present, concrete, and material harm if disclosed;

(d)     Any information of a personal or intimate nature regarding any individual; or

(e)     Any other category of information hereinafter given confidential status by the Court;

*provided, however*, that, subject to the procedures set forth in the Court's Case Management Plan & Scheduling Order dated June 12, 2020, any information (whether Bankruptcy Case Material or other Discovery Material that may be produced in this action) identifying defendants named in these actions to date as receiving payments based on Jones Group stock or change-in-control payments, or identifying the amounts of such payments to such defendants, and any information

previously de-designated in connection with the Bankruptcy Case or this litigation, shall not be designated as Confidential.

4. Certain Bankruptcy Case Material was designated as "Confidential" or "Highly Confidential" pursuant to a confidentiality order (the "Bankruptcy Order"), as amended, that was entered by the Bankruptcy Court for the Southern District of New York in the Bankruptcy Case, ECF Nos. 972, 1471, and 1544. This Order supersedes the Bankruptcy Order as it relates to all confidentiality designations respecting all Bankruptcy Case Material produced in or otherwise used in this action.

5. To give persons that designated Bankruptcy Case Material as Confidential or Highly Confidential under the Bankruptcy Order an opportunity to appear and be heard as to the production of any such material under this Order, while avoiding unnecessary delays in the production of materials in this action, any person producing in these actions Bankruptcy Case Material designated as Confidential or Highly Confidential under the Bankruptcy Court Order shall, no later than 14 days prior to production in these actions, provide notice via email of such production and this Order to the person (or counsel for such person if known to the producing person) that originally produced and designated such Bankruptcy Case Material as Confidential or Highly Confidential under the Bankruptcy Court Order. To the extent such originally producing person objects to the production of such documents as Confidential under this Order, such originally producing person shall show cause to this Court, supported by affidavits or other sworn statements of persons with personal knowledge, why Confidential treatment under this Order is insufficient. If a designating person fails to provide such a showing, the producing person in this action may produce such Bankruptcy Case Material as Confidential under this Order without further notice. Nothing in this paragraph shall relieve any designating person of

its obligation to respond to any Motion for a Temporary Seal filed in accordance with paragraph 10 hereof, or prevent a party from objecting to the confidentiality designation of any material, including any Bankruptcy Case Material, in accordance with paragraph 11 hereof. In no case shall the prior designation of a document as Confidential or Highly Confidential under the Bankruptcy Order itself be considered a sufficient basis for designating such document as Confidential under this Order.

6. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, and subject to the provisions of paragraph 5 hereof regarding Bankruptcy Case Material, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted, but such requirement to produce redacted copies shall not apply to Bankruptcy Case Material. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

7. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

8. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the parties to this action;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) stenographers or videographers engaged to transcribe or record depositions conducted in this action;

(g) any mediator or arbitrator jointly engaged by the parties to the action;

(h) outside photocopying, graphic production services, litigation or e-discovery support services, or document depositories as necessary for use in connection with this action;

(i) process servers or delivery or messenger services, only insofar as such services are used to serve, deliver, or transmit documents or media containing Confidential Discovery Material;

(j) the Court and its support personnel; and

(k) any other person or entity with respect to whom the producing person may consent in writing.

9. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 8(d) or 8(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties must request the Court's permission, in accordance with Rules 2(b) and 14 of the Court's Individual Rules of Practice, to file documents under seal. The parties will use their best efforts to minimize such sealing. Where the Confidential Discovery Material to be filed under seal was designated as Confidential by a person other than the filing party, the filing party may make its filing along with a Motion for a Temporary Seal, requesting that the Court temporarily permit such filing under seal. The Motion for a Temporary Seal shall be served on the person that designated the Discovery Material as Confidential (for the avoidance of

doubt, the designating person for any Confidential Bankruptcy Case Material is the person that originally designated the material as Confidential in the Bankruptcy Case). The designating person shall have 14 days to show cause to this Court, supported by affidavits or other sworn statements of persons with personal knowledge, why the material in question should remain Confidential. If the designating person fails to provide such a showing, the Court may deny the Motion for a Temporary Seal and unseal all papers filed along with such motion for which such a showing was not made. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

11. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at a time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling. In connection with any such objection or dispute, the person seeking a limit on disclosure bears the burden of proof.

12. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in

connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

13. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

14. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

15. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of all associated actions in this litigation, all Discovery Material

designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person or destroyed.

16.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED as of June 22, 2020.

FRIEDMAN KAPLAN SEILER
 & ADELMAN LLP


/s/ Stan Chiueh
Stan Chiueh (schiueh@fklaw.com)
7 Times Square
New York, NY 10036-6516
(212) 833-1100

*Attorneys for Plaintiffs*


SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

/s/ Scott D. Musoff
Scott D. Musoff
(scott.musoff@skadden.com)
One Manhattan West
New York, New York 10001
Tel.: (212) 735-3000
Fax: (212) 735-2000

Robert S. Saunders, *pro hac vice*
forthcoming (rob.saunders@skadden.com)
Cliff C. Gardner, *pro hac vice* forthcoming
(cliff.gardner@skadden.com)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Tel.: (302) 651-3000
Fax: (302) 651-3000

*Counsel for Defendants Gerald C. Crotty, Robert L. Mettler, Mary Margaret Hastings Georgiadis, Ann Marie C. Wilkins, Sidney Kimmel, John D. Demsey, Matthew H. Kamens, James A. Mitarotonda, Jeffrey D. Nuechterlein, Lowell W. Robinson, Robert & Susan Mettler Family Trust U/A 3/27/06, Robert L. Mettler, Susan T. Mettler, Trustees and Telendos, LLC*

ROPES & GRAY LLP[1]


/s/ Gregg L. Weiner
Gregg L. Weiner
(gregg.weiner@ropesgray.com)
Andrew G. Devore
(andrew.devore@ropesgray.com)
Adam M. Harris
(adam.harris@ropesgray.com)
1211 Avenue of the Americas
New York, New York 10036
(212) 596-9000

*Interim Liaison Counsel for the Shareholder Defendants and counsel for Defendants identified as Blackrock MSCI USA Small Cap Equity Index Fund; Brighthouse Funds Trust II f/k/a Brighthouse Funds Trust Met-Series; Columbia Management Investment Advisers LLC; Columbia Multimanager Alternative Strategies Fund; Diversified Alpha Group Trust; DWS Investment Management Americas, Inc. f/k/a Deutsche Asset Management; DWS Small Cap Index VIP; Extended Equity Market Fund a/k/a Blackrock Institutional Trust Company, N.A. Extended Equity Market Fund; Extended Equity Market Master Fund B; FIAM LLC a/k/a Fidelity Institutional Asset Management f/k/a Pyramis Global Advisors; Fidelity Asset Allocation Currency Neutral Private Pool; Fidelity Asset Allocation Private Pool; Fidelity Balanced Currency Neutral Private Pool; Fidelity Balanced Income Currency Neutral Private Pool; Fidelity Balanced Income Private Pool; Fidelity Balanced Private Pool; Fidelity Concord Street Trust - Fidelity Extended Market Index Fund; Fidelity Concord Street Trust - Fidelity Total Market Index Fund; Fidelity Income Allocation Fund f/k/a Fidelity Monthly High Income Fund; Fidelity Investments;*

10

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

/s/ Andrew S. Gordon
Andrew S. Gordon
(agordon@paulweiss.com)
1285 Avenue of the Americas New York, New York 10019
Tel.: (212) 373-3000
Fax: (212) 757-3990

Craig Benson, *pro hac vice* forthcoming
(cbenson@paulweiss.com)
2001 K Street NW, Suite 500
Washington, DC 20006
Tel: (202) 223-7300
Fax: (202) 223-7340

*Counsel for Defendants Christopher R. Cade, Dianne Card, Wesley R. Card, Ira M. Dansky, Ira Martin Dansky Revocable Trust, Richard L. Dickson, Cynthia DiPietrantonio, Tami Fersko, John T. McClain and Joseph T. Donnalley*

*Fidelity Investments Charitable Gift Fund; Fidelity Monthly Income Fund; Fidelity Northstar Fund; Fidelity Small Cap Index Fund; Fidelity Total Market Index Fund; FlexShares Morningstar US Market Factor Tilt Index Fund; Geode Diversified Fund, a Segregated Account of Geode Capital Master Fund Ltd. f/k/a GDF1, a Segregated Account of Geode Capital Master Fund Ltd.; iShares Europe; iShares Morningstar Small-Cap Value ETF; iShares MSCI USA Small Cap UCITS ETF; iShares Russell 2000 ETF; iShares Russell 2000 Value ETF; iShares Russell 3000 ETF; JNL/DFA U.S. Small Cap Fund c/o Jackson National Asset Management LLC; Master Small Cap Index Series of Quantitative Master Series LLC a/k/a iShares Russell 2000; MSCI U.S. IMI Index Fund B2 a/k/a Blackrock MSCI U.S. IMI Index Fund B2; Northern Small Cap Core Fund; Northern Small Cap Value Fund; Northern Small Cap Index Fund; Pacific Select Fund – PD Small-Cap Value Index Portfolio; Pacific Select Fund – Small-Cap Equity Portfolio; Pacific Select Fund – Small-Cap Index Portfolio; Pentwater Capital Management LP; Russell 2000 Alpha Tilts Fund B; Russell 2000 Index Fund; Russell 2000 Index Non-Lendable Fund a/k/a Blackrock Russell 2000 Index Non-Lendable Fund; Russell 2000 Value Fund B; Russell 2500 Index Fund a/k/a iShares Russell Small/Mid-Cap Index Fund; Russell 3000 Index Fund a/k/a iShares Total U.S. Stock Market Index Fund; Russell 3000 Index Non-Lendable Fund; U.S. Equity Market Fund; and U.S. Equity Market Fund B*

---

[1]   Ropes & Gray LLP, as interim liaison counsel for the Shareholder Defendants, has sent this proposed Protective Order to all known counsel to Shareholder Defendants and none has raised any objection.

SO ORDERED.

Dated:  New York, New York
        June 22, 2020

_____
JED S. RAKOFF, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: NINE WEST LBO SECURITIES LITIGATION<br><br>Pertains to All Associated Actions | No. 20-MD-2941 (JSR)<br><br>**NON-DISCLOSURE AGREEMENT IN CONNECTION WITH PROTECTIVE ORDER** |

I, _____, acknowledge that I have read and understand the Protective Order in this litigation governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information (including any copies) to the party or attorney from whom I received it or will destroy such discovery information (including any copies). By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____

_____