UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
:
IN RE: NINE WEST LBO SECURITIES          :   20-MD-2941 (JSR)
LITIGATION                                :
:   **[PROPOSED] ORDER GRANTING**
:   **CERTIFICATION PURSUANT TO FED.**
:   **R. CIV. P. 54(b) FOR ENTRY OF**
Pertains to All Associated Actions       :   **PARTIAL FINAL JUDGMENT**
:   **DISMISSING CERTAIN CLAIMS**
:
------------------------------------------------------------ x

JED S. RAKOFF, U.S.D.J.:

**WHEREAS**:

1. On August 27, 2020 the Court entered an Order and Opinion (the "Safe Harbor Order") (Dkt. No. 317) dismissing certain claims brought by Plaintiffs Marc S. Kirschner, as Trustee for the NWHI Litigation Trust, and Wilmington Savings Fund Society, FSB, as successor indenture trustee for the 6.875% Senior Notes due 2019, the 8.25% Senior Notes due 2019, and the 6.125% Senior Notes due 2034 of Nine West Holdings, Inc. (together, the "Plaintiffs") against former public shareholders of The Jones Group Inc. ("Jones Group") (the "Shareholder Defendants"), former directors and officers of Jones Group (the "Director and Officer Defendants"), and other former employees of Jones Group (the "Employee Defendants," and together with the Shareholder Defendants and the Director and Officer Defendants, the "Defendants").

2. The Safe Harbor Order dismissed all fraudulent conveyance and unjust enrichment claims with respect to payments made in connection with common shares, restricted shares, share equivalent units, and accumulated dividends in the 2014 leveraged buyout of Jones Group, pursuant to section 546(e) of the Bankruptcy Code, 11 U.S.C. § 546(e) (the "Safe Harbor Dismissed Claims," see Dkt. No. 317, at 43 & n.25).

3. As a result of the Safe Harbor Order, seven of the seventeen actions that comprise the above-captioned multidistrict litigation proceeding (this "MDL") were fully dismissed (the "Dismissed Actions").[1] A final judgment was entered in the Dismissed Actions (Dkt. No. 318), and Plaintiffs subsequently filed notices of appeal in each of the Dismissed Actions.

4. Ten of the seventeen actions in this MDL remain pending (the "Pending Actions")[2] because each of the Pending Actions also includes claims against certain Director and Officer Defendants and Employee Defendants that have not been dismissed.

5. On November 13, 2020, at the joint request of liaison counsel for the Shareholder Defendants ("Shareholder Liaison Counsel") and counsel for Plaintiffs, the Court held a pre-motion conference via telephone on a joint request for entry of partial final judgment pursuant to Fed. R. Civ. P. 54(b) with respect to the Safe Harbor Dismissed Claims in the Pending Actions. Shareholder Liaison Counsel and counsel for Plaintiffs, the Director and Officer Defendants, certain Employee Defendants, and numerous additional Shareholder Defendants attended the pre-motion conference.

6. At the conference, Shareholder Liaison Counsel and counsel for Plaintiffs and the Director and Officer Defendants all agreed that entry of partial final judgment with respect to the Safe Harbor Dismissed Claims in the Pending Actions, pursuant to Fed. R. Civ. P. 54(b), was appropriate, and detailed that entry of such a judgment was necessary in order to help ensure that all appeals from the Safe Harbor Order were consolidated and heard simultaneously, which would serve the goal of judicial efficiency. The parties further informed the Court that, at present,

---

[1] The Dismissed Actions bear case numbers: 20-cv-4286, 20-cv-4289, 20-cv-4299, 20-cv-4434, 20-cv-4440, 20-cv-4479, and 20-cv-4480.

[2] The Pending Actions bear case numbers: 20-cv-4262, 20-cv-4265, 20-cv-4267, 20-cv-4287, 20-cv-4292, 20-cv-4335, 20-cv-4346, 20-cv-4433, 20-cv-4436, and 20-cv-4569.

Plaintiffs' opening brief on the appeal from the Safe Harbor Dismissed Claims in the Dismissed Actions was due to the U.S. Court of Appeals for the Second Circuit on January 22, 2021.

7. At the conference, Shareholder Liaison Counsel represented that they had contacted by e-mail all known counsel for Shareholder Defendants, informed counsel for Shareholder Defendants of the joint request for entry of partial final judgment and requested notification of any objections thereto, and also provided notice of the pre-motion conference by e-mail to all such counsel.

8. Shareholder Liaison Counsel further advised the Court that one Employee Defendant, Stefani Greenfield, represented by Paykin Krieg & Adams LLP, indicated she would not join in the request but would not object to it. Ms. Greenfield's counsel did not attend the pre-motion conference. Shareholder Liaison Counsel also advised the Court that Stuart Kagen of Kagen, Caspersen & Bogart PLLC, who represents various Employee Defendants, had indicated that he had not yet been able to obtain consent to the request from all of his clients. Mr. Kagen attended the conference and did not object to the relief sought.

**THE COURT THEREFORE FINDS, CONCLUDES AND ORDERS AS FOLLOWS:**

1. The entry of partial final judgment with respect to the Safe Harbor Dismissed Claims in the Pending Actions pursuant to Fed. R. Civ. P. 54(b) is appropriate. The Safe Harbor Dismissed Claims are distinct from the remaining claims at issue in the Pending Actions, involving different causes of action and legal issues. The remaining claims in the Pending Actions relate primarily to fiduciary duty claims and fraudulent transfer claims seeking to avoid contractual change in control payments, whereas the Safe Harbor Dismissed Claims primarily concern alleged fraudulent transfers of payments to shareholders and were dismissed under the safe harbor provision of section 546(e) of the Bankruptcy Code. Likewise, the Safe Harbor Dismissed Claims are primarily brought against Shareholder Defendants who are not Director and Officer Defendants

or Employee Defendants, and who have been entirely dismissed from this MDL, whereas the defendants remaining in the Pending Actions are certain of the Director and Officer Defendants and Employee Defendants.

2. There is no just reason for delay in the entry of partial final judgment in the Pending Actions with respect to the Safe Harbor Dismissed Claims. All parties are either in agreement that such a judgment should be entered, or have otherwise not objected despite notice of the request. Moreover, the interests of sound judicial administration and the realization of judicial efficiency are best served by the entry of partial final judgment and the opportunity for an immediate appeal in the Pending Actions from the issues implicated in the Safe Harbor Order, which will enable a single appeal, instead of multiple appeals, with respect to issues common to both the Dismissed Actions and the Pending Actions that have been fully resolved by this Court.

3. Accordingly, the Clerk is hereby directed to enter partial final judgment, pursuant to Fed. R. Civ. P. 54(b), in favor of Defendants with respect to the following Safe Harbor Dismissed Claims in the Pending Actions: Counts V and VI in the amended complaint in 20-cv-4262, Dkt. No. 110; Counts IV and V in the amended complaint in 20-cv-4265, Dkt. No. 53; Counts I and II in the amended complaint in 20-cv-4267, Dkt. No. 45; Counts V and VI in the amended complaint in 20-cv-4287, Dkt. No. 130; Counts IV, V, and VI in the complaint in 20-cv-4292, Dkt. No. 1; Counts I and II in the complaint in 20-cv-4335, Dkt. No. 1; Counts V and VI in the complaint in 20-cv-4346, Dkt. No. 1; Counts I and II in the amended complaint in 20-cv-4433, Dkt. No. 100; Counts V and VI in the amended complaint in 20-cv-4436, Dkt. No. 134; and Counts I and II in the amended complaint in 20-cv-4569, Dkt. No. 112; as well as with respect to the following unjust enrichment claims, only with respect to payments made in connection with Jones Group common shares, restricted shares, share equivalent units, and accumulated dividends, but not with respect to change in control payments: Count IV in the amended complaint in 20-cv-

4262, Dkt. No. 110; Count III in the amended complaint in 20-cv-4265, Dkt. No. 53; Count IV in the amended complaint in 20-cv-4287, Dkt. No. 130; Count IV in the complaint in 20-cv-4346, Dkt. No. 1; and Count IV in the amended complaint in 20-cv-4436, Dkt. No. 134.

SO ORDERED.

Dated: New York, NY
       11/18/, 2020

JED S. RAKOFF, U.S.D.J.