# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

IN RE: NINE WEST LBO SECURITIES LITIGATION

This Documents Relates To: the Following Cases:

20-cv-4262, 20-cv-4265, 20-cv4267, 20-cv4287, 20-cv-4292, 20-cv-4335, 20-cv4346, 20-cv4433, 20cv4436, and 20-cv4569.

20-MD-2941 (JSR)

**PARTIAL FINAL JUDGEMENT**

**PURSUANT TO RULE 54(b)**

-------------------------------------------------------------X

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Order dated November 18, 2020, that

1. The entry of partial final judgment with respect to the Safe Harbor Dismissed Claims in the Pending Actions pursuant to Fed. R. Civ. P. 54(b) is appropriate. The Safe Harbor Dismissed clams are distinct from the remaining claims at issue in the Pending Actions, involving different causes of action and legal issues. The remaining claims in the Pending Actions relate primarily to fiduciary duty claims and fraudulent transfer claims seeking to avoid contractual change in control payments, whereas the Safe Harbor Dismissed Claims primarily concern alleged fraudulent transfers of payments to shareholders and were dismissed under the safe harbor provisions of section 546(c) of the Bankruptcy Code. Likewise, the Safe Harbor Dismissal Claims are primarily brought against Shareholder Defendants who are not Director and Office Defendants or Employee Defendants, and who have been entirely dismissed from this MDL, whereas the defendants remaining in the Pending Actions are certain of the Director and Officer Defendants and Employee Defendants.

2. There is no just reason for delay in the entry of partial final judgment in the Pending Actions with respect to the Safe Harbor Dismissed Claims. All Parties are either in agreement that

such a judgment should be entered, or have otherwise not objected despite notice of the request. Moreover, the interest of sound judicial administration and the realization of judiciary efficiency are best served by the entry of partial final judgment and the opportunity for an immediate appeal in the Pending Actions from the issues implicated in the Safe Harbor Order, which will enable a single appeal, instead of multiple appeals, with respect to issues common to both the Dismissed Actions and the Pending Actions that have been fully resolved b this Court.

    3. Accordingly, there is no just reasons for delay entering this partial final judgment, pursuant to Fed. R. Civ. P. 54(b), in favor of Defendants with respect to the following Safe Harbor Dismissed Claims in the Pending Actions: Counts V and VI in the amended complaint in 20-cv4262, Dkt. No. 110; Counts IV and V in the amended complaint 20-cv4265, Dkt. No. 53; Counts I and II in the amended complaint in 20-cv4267, Dkt. No. 45; Counts V and VI in the amended complaint 20-cv4287, Dkt. No. 130; Counts IV, V, and VI in the complaint in 20-cv-4292, Dkt. No.1.; Counts I and II in the complaint in 20-cv4335, Dkt. No. 1; Counts V and VI in the complaint in 20-cv4346, Dkt. No. 1; Counts I and II in the amended complaint in 20-cv4433, Dkt. No. 100; Counts V and VI in the amended complaint 20-cv4436, Dkt. No. 134; and Counts I and II in the amended complaint in 20-cv4569, Dkt. No.112; as well as with respect to the following unjust enrichment claims, only with respect to payments made in connection with Jones Group common shares, restricted shares, share equivalent units, and accumulated dividends, but not wither respect to change in control payments; Count IV in the amended complaint 20-cv4262, Dkt. No. 110; Counts III in the amended complaint in 20-cv4265, Dkt. No. 53; Counts IV in the amended complaint 20-cv4287, Dkt. No. 130; Count IV in the complaint in 20-cv4346, Dkt. No. 1; and Count IV in the amended complaint 20-cv4436, Dkt. No. 134.

**Dated:** New York, New York
November 19, 2020

**RUBY J. KRAJICK**
_____
**Clerk of Court**
BY: *[signature: David J. Thomas]*
_____
**Deputy Clerk**